(June 12, 1973)

A. M. "TEX" JOHNSTON, Respondent, v. UNEXCELLED, INC., et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered in New York County, December 5, 1972, which denied a motion by defendants for an order for leave to amend their answer to plaintiff's amended complaint. *Per Curiam.* Plaintiff sues on two causes of action, the first for two separate breaches of a written contract of employment. The first cause of action sought damages for a wrongful discharge and the second for failure to register certain stock transferred to plaintiff in accord with the contract. Defendant pleaded several defenses to the first cause of action. On a motion for summary judgment on the first cause of action these defenses were stricken, summary judgment on the first cause of action was granted, and it was directed that the action proceed on the second cause of action. The decision was affirmed by this court (39 A D 2d 1019). Defendant then moved to amend its answer to plead the stricken defenses as counterclaims to the second cause of action. Special Term denied the motion on the ground of *res judicata.* This would be in order if the prior determination had been on the merits of the pleaded defenses, i.e., that they were factually insufficient. A failure to come forward with evidentiary facts in response to a motion for summary judgment would be such a holding. But a determination that the matter pleaded did not constitute a defense to the claim asserted by the plaintiff is not a holding that those same facts would not constitute an independent claim in favor of the defendant against the plaintiff. It therefore becomes of primary importance to determine what was decided on the prior application. It appears that the contract between the parties was dated December 1, 1967, and was to run for five years. There were provisions for termination under certain conditions before the expiration of the five-year period. Defendant on June 30, 1970, elected to terminate as of December 31, 1970. The contract was terminable after one year upon three months' written notice. If the termination was for cause or disability, plaintiff's salary ceased upon termination. If the termination was for any other

reason, the salary was to continue for 24 months or to the end of the contract period. (In this case as the contract had 23 months to run it would be the end of the contract period.) The issue was therefore whether the discharge was for cause. Special Term held that, as defendant's letter which constituted the notice of termination did not state it was for cause and no cause was set out, and, further, that reasons other than cause were set out, defendant failed to show that it had terminated for cause. It would naturally follow that whether or not cause existed, if termination was not based upon it plaintiff was entitled to recover under his contract. It would also follow that even though the facts asserted in the defenses did not amount to grounds for termination of the contract, they might still give rise to liability for any damage they caused. This is not a holding that the proposed counterclaims constitute meritorious claims, either legally or factually, and plaintiff would be free to challenge them by motion for summary judgment or otherwise. But as of now their validity has not been either determined or challenged. The order entered in New York County December 5, 1972 should be reversed on the law with costs, and motion for leave to amend the answer to plead counterclaims is granted. Markewich, J. P. (dissenting). I dissent and would affirm the holding of Special Term denying permission to amend the answer by adding a counterclaim. The earlier decision affirmed by us was *res judicata* as to nonexistence of discharge for cause. Viewing the earlier proceedings as they are described — and fairly described — in the majority opinion, it seems that defendant, not having moved timely to reargue nor having appealed further, is bound thereby throughout the entire case, whether in response to the first or second cause, whether asserted as defense or counterclaim. It is the law of the case that defendant, having failed to come forward with proofs of discharge for cause, a state of facts adding up to justifiable discharge can no longer be asserted or proved by defendant. I am not unaware of the disclaimer contained in the majority opinion: "This is not a holding that the proposed counterclaims constitute meritorious claims, either legally or factually, and plaintiff would be free to challenge them by motion for summary judgment or otherwise. But as of now their validity has not been either determined or challenged." I regard this as a candid expression of — at least — uncertainty that the proposed counterclaim can survive a later motion for summary judgment to strike it. We should treat the opposition to the motion to add the counterclaim as though it were a cross motion for summary judgment, dispose of it now, and save precious judicial time. In considering such a motion, certain basic and axiomatic principles appear to me to be applicable. The objective of a motion for summary judgment is to procure a decision that there is no issue of fact, i.e., that there can be no reasonable attack made upon the proposition that a certain state of facts, which has been urged upon the court as a predicate for a decision of law, does exist. When a motion is made for summary judgment to dismiss an affirmative defense on the ground that the actual state of facts is repugnant to that defense and provides no predicate therefor, it is the obligation of the defendant to come forward with his proofs to the contrary. Where the affirmative defense is to the effect that plaintiff was discharged for cause, and the court grants summary judgment dismissing that defense, the court has held that there has been no showing, even arguably, of evidence that could lead to an inference that there was discharge for cause. This is a decision of law, holding that such facts do not exist. Where such a decision is affirmed on appeal and not appealed further, it stands as an unassailable holding that the claimed fact of discharge for cause did not exist. And the claim that it did exist may not again be raised during that case; that controversy has been

decided and may not be reopened. It is the law of the case; it is *res judicata*, and may not be revived, shown, demonstrated, proven, whether for the purpose of reassertion as a defense, or as a counterclaim, or for any other purpose. To permit defendant at this stage of the case to reassert the same state of facts, heretofore held not to have existed, as the basis for a counterclaim for damages is to permit one who has not come forward timely with his proofs to do so belatedly by the device of labeling them with a different name: counterclaim instead of affirmative defense, on a motion for permission to amend instead of by resistance to a motion for summary judgment. It is, in effect, to extend to a losing appellant, foreclosed from appealing further, the opportunity for a new and fresh appeal; it is reargument made after the time therefor has expired. It should not be countenanced. The order should be affirmed. Kupferman, Lane and Steuer, JJ., concur in Per Curiam opinion; Markewich, J. P., dissents in opinion in which Tilzer, J., concurs. Order, Supreme Court, New York County, entered on December 5, 1972, reversed, on the law, and the motion for leave to amend the answer to plead counterclaims granted. Appellants shall recover of respondent $40 costs and disbursements of this appeal.